IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV283-03-MU

| | |
|---|---|
| JESSIE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MECKLENBURG CO. JAIL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 on July 6, 2006 (Document No. 1.). In his Complaint against the Mecklenburg County Jail, Plaintiff alleges that on June 20, 2006 as he was eating his lunch, he bit on and almost swallowed a broken head of a bolt causing a broken tooth.

First, an action filed pursuant to 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution or other law of the United States by a person acting under color of state law. Plaintiff has not named a "person" for purposes of a claim under § 1983. Therefore, this case must be dismissed.

Next, Plaintiff's claim that he had a bolt in his lunch which he bit into and caused his tooth to break, at most, amounts to negligence. Mere negligence is insufficient to allege a constitutional violation under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint must be dismissed.

Finally, Plaintiff stated in his Complaint that he filed a grievance on June 20, 2006 and

June 30, 2006 and that he has not received an answer or any decision as of the date of the filing of this Complaint.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. <u>Johnson v. Jones</u>, 340 F.3d 624 (8th Cir. 2003).

In his Complaint, Plaintiff concedes that, at the time Plaintiff filed his Complaint, he had not exhausted his administrative remedies. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear that Plaintiff has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed. The Court notes however, that because Plaintiff has failed to allege a Constitutional violation, exhausting his administrative remedies will not save this federal Complaint.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed.

**SO ORDERED**.

Signed: July 13, 2006

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge